J-S57040-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| MARQUIS DEMONE WILLIAMS, | : | |
| Appellant | : | No. 237 WDA 2016 |

Appeal from the PCRA Order January 22, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000365-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| MARQUIS DEMONE WILLIAMS, | : | |
| Appellant | : | No. 238 WDA 2016 |

Appeal from the PCRA Order January 22, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003345-2012

BEFORE:   FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED AUGUST 29, 2016**

Marquis Demone Williams (Appellant) appeals from the January 22, 2016 order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  We affirm.

---

[1] On March 14, 2016, this Court *sua sponte* consolidated Appellant's appeals.

*Retired Senior Judge assigned to the Superior Court.

On September 10, 2013, Appellant entered into open guilty pleas at docket numbers 365 of 2013 and 3345 of 2012 to possession with intent to deliver heroin (PWID), delivery of a controlled substance, and criminal use of a communication facility.  In exchange, the Commonwealth *nolle prossed* all other charges at both docket numbers.

Appellant was sentenced on October 28, 2013.  At docket number 3345 of 2012, the trial court imposed a sentence of two to four years of incarceration for PWID, which included a mandatory minimum term of incarceration based on the weight of the heroin pursuant to 18 Pa.C.S. § 7508(a)(7)(i).  At docket number 365 of 2013, the trial court imposed a sentence of 21 to 42 months of imprisonment to be served consecutively to the sentence imposed at 3345 of 2012.  Appellant was also sentenced to a consecutive three years of probation.  Furthermore, the trial court concluded that Appellant was eligible for a Reduced Risk Reduction Incentive (RRRI) sentence[2] despite some confusion as to Appellant's prior charges. ***See*** N.T., 10/28/2013, at 19.

Appellant did not file post-sentence motions, but did file a direct appeal at both docket numbers.  On appeal, a panel of this Court held that Appellant's judgment of sentence imposed at docket number 3345 of 2012, which included a mandatory minimum sentence, was illegal pursuant to

---

[2] ***See*** 61 Pa.C.S. §§ 4501-4512.

*Alleyne v. United States*, 133 S.Ct. 2151 (2013) and its progeny. *See*

*Commonwealth v. Vargas*, 108 A.3d 858 (Pa. Super. 2014) (*en banc*)

(holding section 7508 is unconstitutional in its entirety). Accordingly, this

Court vacated Appellant's judgment of sentence at both docket numbers and

remanded to the trial court for resentencing. *See Commonwealth v.*

*Williams*, 118 A.3d 457 (Pa. Super. 2015) (unpublished memorandum).

On March 3, 2015, Appellant appeared for resentencing. The trial

court noted that the pre-sentence investigation (PSI) report revealed that

Appellant had prior "weapons convictions." N.T., 3/3/2015, at 8. Thus, the

trial court found that Appellant was not RRRI eligible. The trial court

imposed the exact same sentence as originally imposed without reference to

a mandatory minimum. The only difference in sentencing was the fact that

the trial court found Appellant was not RRRI eligible.

Appellant timely filed a post-sentence motion requesting that he be

made RRRI eligible. The trial court denied that motion. No direct appeal

was filed.

On August 24, 2015, Appellant timely filed *pro se* a PCRA petition.

Counsel was appointed and an amended petition was filed. Appellant set

forth a challenge to the legality of his sentence based on the trial court's

failing to finding him RRRI eligible at resentencing. Appellant also asserted

that trial counsel was ineffective for failing to object to the legality of the

sentence at the resentencing hearing.

On December 16, 2015, the PCRA court filed notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and on January 22, 2016, Appellant's PCRA petition was dismissed. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

On appeal, Appellant sets forth the following issue for our review.

> Whether the sentencing court erred in not designating [Appellant] RRRI eligible consistent with his original sentence upon resentencing, which constituted the imposition of an illegal sentence or an abuse of the authority of the court as to the discretionary aspects of sentencing while failing to refute that there arose a vindictive impact as a result of this specific departure and modification from the original sentence?

Appellant's Brief at 2 (unnecessary capitalization omitted).

Our standard of review of the denial of a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). Appellant first argues that the trial court erred upon resentencing when it "took the additional measure of striking [Appellant's] RRRI eligibility." Appellant's Brief at 5.[3] Appellant suggests

---

[3] The PCRA court concluded that Appellant waived this issue by failing to raise it in a direct appeal after resentencing. PCRA Court Opinion, 12/16/2015, at 3. However, as the Commonwealth concedes, Appellant's issue concerning RRRI eligibility implicates the legality of his sentence, and is therefore not waivable and is reviewable by this Court so long as we have jurisdiction. *See Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n. 8 (Pa. Super. 2011) ("A challenge to the legality of a sentence may be raised

- 4 -

that doing so was "markedly beyond the scope of the remand order and the intention of the appellate court." *Id*. at 6.

In considering this issue, we bear in mind that an appellant has "no legitimate expectation of finality in his sentence after he has filed an appeal therefrom." *Commonwealth v. Wilson*, 934 A.2d 1191, 1196 (Pa. 2007). Thus, "[w]hen the original sentence was vacated, the sentence was rendered a legal nullity." *Id*.

> When a sentence is vacated and the case is remanded to the sentencing court for resentencing, the sentencing judge should start afresh. Reimposing a judgment of sentence should not be a mechanical exercise. Given the important nature of the interests involved, the judge at the second sentencing hearing should reassess the penalty to be imposed on the defendant — especially where defense counsel comes forward with relevant evidence which was not previously available…. The sentencing judge must take note of this new evidence and reevaluate whether the jail term which [defendant] received is a just and appropriate punishment.

*Commonwealth v. Jones*, 640 A.2d 914, 919-20 (Pa. Super. 1994) (internal citations and quotation marks omitted).

Thus, it is clear that upon resentencing the trial court was not only permitted, but required, to take into consideration any new evidence brought forth by either Appellant or the Commonwealth in fashioning a new

---

as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction.").

sentence. Accordingly, any argument that the trial court erred by reconsidering Appellant's RRRI eligibility is without merit.[4]

Appellant also argues that the trial court's actions in "enhancing the original sentencing exposure upon successful exercise of appellate rights" led to the appearance of vindictiveness. Appellant's Brief at 6. It is well-settled that "a sentencing court may not punish a defendant for exercising his constitutional rights, or chill the exercise of those rights by resentencing a defendant vindictively." **Commonwealth v. Robinson**, 931 A.2d 15, 22 (Pa. Super. 2007). However, "a claim of vindictiveness is a waivable challenge to the discretionary aspects of the sentence." **Id**. Accordingly, Appellant's failure to file a post-sentence motion and direct appeal raising this issue after resentencing renders it waived at this juncture.

Finally, to the extent Appellant is arguing that trial counsel was ineffective for failing to file a post-sentence motion and direct appeal after re-sentencing, we observe the following.[5] Appellant's Brief at 7.

_____

[4] Appellant does not argue that these weapons charges are incorrect or that he **is** RRRI eligible; rather, he contends only that the trial court committed legal error by changing his eligibility upon resentencing. We are cognizant that the Commonwealth suggests that because "[t]his Honorable Court has jurisdiction to address [Appellant's] timely allegation of the imposition of an illegal sentence[, ]the case should be remanded for [resentencing]." Commonwealth's Letter, 5/31/2016. However, because the trial court did not err in striking Appellant's RRRI eligibility, we decline to do so.

[5] While Appellant references ineffective assistance of counsel in his brief, he neither sets forth the three-prong test for such claims nor provides an analysis of each prong in violation of Pa.R.A.P. 2119(a). **See also**

- 6 -

> [I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.
>
> Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Commonwealth v. Steckley*, 128 A.3d 826, 831 (Pa. Super. 2015) (internal citations omitted).

Instantly, upon resentencing, Appellant received the same sentence except for the RRRI eligibility finding. As we have already concluded, the trial court did not err by changing Appellant's RRRI eligibility upon resentencing. Accordingly, such claim lacks arguable merit, and Appellant was not prejudiced by counsel's failure to file post-sentence motions or a direct appeal. Accordingly, no relief is due.

Based on the foregoing, we affirm the order of the PCRA court denying Appellant's PCRA petition.

Order affirmed.

---

*Commonwaelth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001) ("[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [an a]ppellant's burden of establishing that he is entitled to any relief.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2016